## OBSTRUCTION OF A COUNTY DITCH.

Circuit Court of Summit County.

STATE OF OHIO, EX REL WILLIAM P. IRISH ET AL, V. LINCOLN H. OVIATT ET AL.*

Decided, October 8, 1908.

*Mandamus—Water-Course—Ditch—County Commissioners.*

A writ of mandamus will not issue against the county commissioners commanding them to remove an obstruction placed by a property owner in a water-course along the course of which said commissioners had constructed a ditch, because the commissioners in the first instance had no right to convert the water-course, a living stream, into a ditch.

*Koher & Mottinger* and *Mr. Andrews,* for plaintiffs in error. *H. M. Hagelbarger,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This is an action in mandamus. We have before us the question of whether the petition on its face states facts authorizing the issuance of an alternative writ of mandamus.

The petition alleges that in 1890 the board of commissioners of the county, by proper proceedings, established and constructed a ditch about eleven miles long at an expense set at $30,000, paid by assessment on the lands benefitted by such ditch; that the ditch extended from Chockalog pond, in Copley township, to a point in the Tuscarawas river, near the village of Barberton. And it further says that this ditch was established and constructed along the course of a stream known as Wolf creek for this whole distance; that it has been used all these years for draining adjacent land, whereby such lands have been converted from swamp and marsh lands to good agricultural lands; that on the faith that said ditch would remain open and unobstructed, the property owners along its line have constructed

---

*Affirmed without opinion; see journal entry, *State, ex rel,* v. *Oviatt,* 83 Ohio State, 460.

at large expense lateral ditches in and upon their several holdings whereby drainage of their lands is had into said ditch. The Columbia Chemical Company has lands near the mouth of the ditch, through which it runs. For the purpose of utilizing the water from this ditch for its manufacturing plant, the chemical company has constructed a dam across the ditch, obstructing the flow of water, setting the same back along the channel and adjacent lands, and has diverted the ditch from its original channel and constructed a circuitous channel, which interferes with the flow and causes great injury to relators and those similarly situated. The relators gave notice to the chemical company to remove said dam, and after waiting more than ten days, they, by motion, called upon the commissioners to cause said dam to be removed, together with all obstructions, and that the ditch be restored to its former state. The commissioners have refused to do this, and the prayer of the petition is that a writ of mandamus be issued to compel the commissioners to remove the dam and restore the ditch to its original state.

The authority under which the commissioners assumed to act in establishing and constructing the ditch is found in Section 4447, Revised Statutes, which reads as follows:

"The commissioners of any county at any regular or called session may, in the manner provided in this chapter, when the same is necessary to drain any lots, lands, public or corporate road or railroad, and will be conducive to public health, convenience and welfare, cause to be located, and constructed, straightened, widened, altered, deepened, boxed or tiled, any ditch, drain or water-course, or box or tile any portion thereof or cause the channel of all or any part of any river, creek or run within such county to be improved by straightening, widening deepening or changing the same, or by removing from adjacent lands any timber, brush, trees or other substances liable to form obstruction therein."

The provision of law under which it is urged the commissioners should act is in Section 4509, Revised Statutes, which reads:

"Whoever obstructs any ditch, or refuses or neglects to remove any obstruction heretofore by such person or persons placed in the ditch, or being the owner of any lands through which any ditch passes, obstructs or permits such ditch to become ob-

structed, or diverts the water from its proper channel, shall forfeit and pay to the county in which such ditch is situated, the sum of twenty-five dollars to be recovered before a justice of the peace or other court having jurisdiction of the matter, in the name of the state of Ohio for the use of said county, which action may be instituted and prosecuted by the commissioners of such county, or any citizen thereof, or by any person whose lands shall have been assessed for the construction of such ditch and shall also be liable for all damages that may accrue to any person, persons or corporation by reason of such obstruction; and each day that such obstruction shall be permitted to remain in such ditch after the person or persons have placed the same therein shall have had ten days notice to remove the same, either by the county commissioners of said county, the engineer in charge of said ditch, or by any person whose lands have been assessed for the construction or improvement of such ditch, shall constitute a separate offense under this section, and shall subject such offender to a penalty of twenty-five dollars for each such offense, to be recovered in the manner hereinabove provided.   And on failure of such person or persons to remove such obstructions forthwith upon being notified as aforesaid it shall be the duty of the board of county commissioners of such county forthwith to cause such obstructions to be removed, and charge the expense thereof to such person or persons, and collect the same from such person or persons by action in the name of said board of county commissioners.''

Assuming for the time being, that mandamus is the proper remedy in case of obstruction of ditches, we consider the question of whether the water-course involved in this litigation is such a one as the commissioners are required to remove obstructions from.  If it is, we apprehend it is because it is such as they were authorized to construct under Section 4447, Revised Statutes, already quoted.  This section is the first in Title VI, Chapter 1, of the Revised Statutes, that being the chapter whose subject is county ditches.  In the several sections of this chapter the words "ditch, drain or water-course" are used together in a number of instances, and the Supreme Court of the state, in *Commissioners of Greene County* v. *Harbine*, 74 O. S., 318, has said, in the syllabus:

"The word 'water-course,' as used in the county ditch law, Title VI, Chapter 1, Revised Statutes, is synonymous with the

word 'drain' and the county commissioners are without authority to convert a living stream of water into a ditch by proceedings for the locating and constructing of a ditch.''

Without stopping here to read further, we reach the conclusion, from the case to which attention has just been called (and from the opinion as well as the syllabus), that because this work was done as alleged in the petition, ''along the course of a stream,'' it is not and never was a ditch in the sense in which that word is used in the statute; wherefore, it is not a part of the duty of the commissioners to remove the dam therefrom under Section 4509 already quoted.

It is urged, however, that the commissioners are estopped from making this defense. This we regard as unsound. It is true that the petition shows that the work was done by the board of commissioners and was paid for by the property owners, and until lately, when it has been obstructed by the dam, it has been kept open. It does not follow that the commissioners may take upon themselves to interfere with riparian rights of those owning lands upon a stream, and they are required to perform an act, which, so far as appears, they have never before been asked to perform.

It does not follow that the relators are without a remedy for any injuries they have sustained because the commissioners refuse to do that which we are asked to compel them to do.

No opinion is here expressed as to whether mandamus is the proper remedy when commissioners fail to remove obstructions from a ditch, since we find this is not a ditch in the sense in which that word is used in the statute.

It follows from what has been said that we must refuse the alternative writ, and the petition is dismissed.